## Suplee, Appellant, v. Callaghan.

*Equity—Equity jurisdiction—Remedy at law—Assignment for creditors.*
A bill in equity cannot be maintained by judgment creditors against their debtor to set aside a lease made by the debtor alleged to be a fraud on the rights of creditors, and it is immaterial that the debtor had made an assignment for the benefit of creditors prior to the execution of the lease. In such a case there is an adequate remedy at law by execution.

Argued April 1, 1901. Appeal, No. 353, Jan. T., 1900, by plaintiffs, from decree of C. P. No. 1, Phila. Co., June T., 1900,

No. 720, dismissing bill in equity in case of Charles J. Suplee and William M. Van Leer, trading as Suplee & Van Leer, v. Sarah E. Callaghan and Bernard Macmackin. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity to set aside a lease.

The bill alleged that the plaintiffs were judgment creditors of Sarah E. Callaghan, that in June, 1896, Sarah E. Callaghan was a member of the firm of "The estate of George Callaghan, deceased," that in September, 1896, Sarah E Callaghan leased to Bernard Macmackin certain real estate in which she had a life interest; that this lease was in fraud of the rights of creditors; that on October 19, 1896, Sarah E. Callaghan with the other members of the firm trading as "the estate of George Callaghan, deceased," made a general assignment for the benefit of creditors. The bill prayed for a cancellation of the lease.

The defendants demurred to the bill.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was in dismissing the bill.

*Francis S. Laws*, with him *Francis C. Adler*, for appellants.

*A. Lewis Smith*, for appellee.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

While no specific reason is given by the learned court below for sustaining the demurrer to the bill as filed in this case, yet we see no error in its action. The bill is in form a creditor's bill, and as such cannot be sustained under the ordinary and long established methods of procedure if the plaintiff has a full and adequate remedy at law: People's Nat. Bank v. Kern, 193 Pa. 66. An assignment for the benefit of creditors was made by the defendant, Mrs. Callaghan, long prior to the filing of this bill. If such assignment had not been made, the complainants here would have had no hesitation in levying upon and selling her life estate in the property, and, if its possession had been denied, they could have brought ejectment. Certainly such a bill as this could not have been sustained under those

circumstances. We do not see that the fact of the assignment alters the situation in this respect. If the interests of Mrs. Callaghan as life tenant and as lessor are vested in the assignee for the benefit of creditors, then she is not a proper party to the bill, and no decree can be entered against ·her; but if, as alleged, the making of the lease was for the purpose of creating a trust for her benefit, and was in fraud of her creditors, as is contended in the bill, her interest in the property would still remain subject to the execution of the judgment creditors, and the remedy at law would be adequate and effectual.

Without discussing other reasons upon which the demurrer might have been sustained, the one referred to is sufficient.

The decree is, therefore, affirmed at the cost of the appellants.